Adam B. Nach – 013622
Joel F. Newell – 25296
**LANE & NACH, P.C.**
2001 E. Campbell Ave., Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
　　　joel.newell@lane-nach.com

Attorneys for Stanley J. Kartchner, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| STEPHANIE ARLENE JORDAN, | No. 4:17-bk-01945-BMW |
| Debtor. | **TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS** |

Stanley J. Kartchner, Trustee ("**Trustee**"), by and through undersigned counsel, herein respectfully submits Trustee's Objection to Claimed Exemptions ("**Objection**"). For his Objection, Trustee respectfully submits the following Memorandum of Points and Authorities and the entire record of this Chapter 7 administrative case.

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    FACTUAL BACKGROUND.**

1.    This case was commenced by Stephanie A. Jordan ("**Debtor**") as a voluntary petition under Chapter 7 of Title 11 of the United States Code on March 2, 2017 ("**Petition Date**").

2.    Trustee is the duly qualified and acting Chapter 7 Trustee of the Chapter 7 Estate.

3.    On March 29, 2017, the Debtor filed her initial Schedules of Assets and Liabilities [Dkt. No. 13]. Then, on April 24, 2017, the Debtor filed her First Amended Schedules B and C [Dkt. No. 26].

4.    On the Debtor's First Amended Schedule B and C, the Debtor claims the following property exempt:

　　　　　a.    Pinal County Federal Credit Union account X-7511 valued in the amount of $0.74,

　　　　　Pinal County Federal Credit Union account X-7510 valued in the amount of $0.66,

　　　　　Pinal County Federal Credit Union account X-00 valued in the amount of $5.00,

and Signature Federal Credit Union account valued in the amount of $248.67 *See* Dkt. No. 26 at P. 10 of 10 (collectively the above accounts shall be referred to as "**Bank Accounts**"). The Debtor asserts all of the Bank Accounts are exempt pursuant to A.R.S. § 33-1126(A)(9) in the full amount of the Debtor's value for the Bank Accounts;

    b.    AmeriBen [Health Savings Account] valued in the amount of $140.90 and claim exempt pursuant to A.R.S. 33-1126(A)(9) in the full amount of Debtor's value for the HSA account; and

    c.    America Funds valued by the Debtor in the amount of $26,000.00 and claimed exempt pursuant to A.R.S. § 33-1126(A)(10).

5.    Upon information and belief, these exemptions do not apply and are not exempt under Arizona Revised Statute exemptions.

**B.    LEGAL AUTHORITY.**

This Court has jurisdiction over Debtor's Chapter 7 case under 28 U.S.C. § 1334. Proceedings with respect to property of the Estate and this Objection are core proceedings that the Court may hear and decide. *See* 28 U.S.C. § 157(b)(1) and (b)(2)(E). Moreover, venue is appropriate pursuant to 28 U.S.C. § 1408(1).

*1.    Property of the Estate.*

Property of the Estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a). The concept of property of the estate is broad in scope, encompassing all kinds of property, including tangible and intangible property, causes of action, real and personal property, certain property held by the debtor in trust for others, and certain property of the debtor held by others. *See U.S. v. Whiting Pools*, 462 U.S. 198, n.9 (1983).

*2.    Bank Account Exemption – A.R.S. § 33-1126(A)(9).*

Pursuant to A.R.S. § 33-1126(A)(9), each Debtor is permitted to claim exempt "[a] total of [$300.00] held in a single account in any one financial institution…." The exemption does not provide for bifurcating the exemption amount over multiple bank accounts. Therefore, the Debtor's purported use of A.R.S. § 33-1126(A)(9) over approximately four (4) separate accounts is improper and must be denied.

Lane & Nach, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016

### 3. Health Savings Account – A.R.S. § 33-1126(A)(9).

As referenced above, the Debtor asserts that the Health Savings Account ("HSA") is exempt pursuant to A.R.S. § 33-1126(A)(9). In addition to the above basis for denying this exemption (i.e. bifurcating the statutory exemption over multiple accounts); case law affirms that a HSA is *not* exemption and *is* property of the Estate. *See Leitch v. Christians*, 494 B.R. 918 (B.A.P. 8th Cir. 2013) (holding HSA is property of the Estate). Moreover, the HSA is not exempt. *Id.*, *See Also In re Stranger*, 385 B.R. 758, 764 (Bankr. D. Idaho 2008). Therefore, the Debtor's asserted exemption in the HSA must be denied.

### 4. America Funds – A.R.S. § 33-1126(A)(10).

A.R.S. § 33-1126(A)(10) provides as follows:

> The following property of a [D]ebtor is exempt from execution, attachment or sale on any process issues from any court:
>
>> An interest in a college savings plan under section 529 of the internal revenue code of 1986, either as the owner or as the beneficiary. This does not include money contributed to the plan within two years before a debtor files for bankruptcy.

There is nothing in the Debtor's Schedules that provide any evidence that the America Funds qualifies as a "college savings plan". Trustee's counsel has not had an opportunity to review the necessary documents to properly determine whether America Funds account qualifies within the claimed statutory reference. Trustee's counsel will request additional documents, upon receipt of the documents requested; Trustee's counsel will either supplement or withdraw this Object as it pertains to the America Funds account.

WHEREFORE, Stanley J. Kartchner, Trustee respectfully requests that this Court enter an Order sustaining the Objection to exemption for the reasons stated herein; and, for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of May, 2017.

**LANE & NACH, P.C.**

By___ABN – 013622_____
      Adam B. Nach
      Joel F. Newell
      Attorneys for Trustee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF MAILING

COPY of the foregoing mailed via electronic mail as follows:

Scott D. Gibson                                    Office of U.S. Trustee
Law Office of Scott D. Gibson, PLLC                230 North First Avenue
1632 N. Country Club Rd.                           Phoenix, AZ 85003
Tucson, AZ 85716                                   Email: ustpregion14.px.ecf@usdoj.gov
Email: ecf@sdglaw.net                                     Renee.S.Shamblin@usdoj.gov
*Attorney for Debtor*


By /s/ Danica Acosta